UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SEKO WORLDWIDE, LLC,**<br>1100 Arlington Hts. Rd., Suite 600<br>Itasca, Illinois  60143,<br><br>       Plaintiff,<br><br>  v.<br><br>**SECURITY STORAGE COMPANY<br>OF WASHINGTON,**<br>1701 Florida Ave., N.W.<br>Washington, DC  20009,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:12-CV-001425<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Seko Worldwide, LLC ("Seko"), by undersigned counsel and for its Complaint against Defendant Security Storage Company of Washington ("SSC"), alleges the following:

1.      This action arises from SSC's recent adoption and use in commerce of a trade name and trademark that is strikingly similar to Seko's long-established and well-known SEKO® trademark, which Seko has been using for decades.  The parties' services are similar and overlapping: indeed, the parties are direct competitors.  Under these circumstances, consumer confusion is inevitable.  Seko seeks injunctive relief and monetary damages, as well as the cost of this action.

## THE PARTIES

2.      Seko is a Delaware limited liability company with its principal place of business in Itasca, Illinois.  Seko is a leading provider of shipping, storage and logistics services.

3. Upon information and belief, SSC is a Delaware corporation with its principal place of business in the District of Columbia. On its website at www.secor-group.com, SSC advertises shipping, storage and logistics services.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because the action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court has supplemental jurisdiction over Seko's claims under the laws of the State of Illinois and the District of Columbia pursuant to 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because SSC resides in this district and because a substantial part of the events or omissions giving rise to Seko's claims occurred in this district.

## FACTS

6. For several decades, Seko and its predecessors in interest have offered shipping, storage and logistics services across the United States and around the world under the distinctive SEKO name and mark. Seko currently has more than 150 offices in over 40 countries.

7. Seko's trademark rights are reflected in part by its trademark registrations. Seko owns many registrations for SEKO and SEKO-formative marks in various jurisdictions, including the following registrations with the United States Patent and Trademark Office ("USPTO") in International Class 39:

- **SEKO** (Reg. No. 1,470,985) for "air freight shipping services"

- **SEKO & Design** (Reg. No. 3,125,393) for "freight transportation by truck, air and sea, and warehousing services"

- **SEKO WORLDWIDE** (Reg. No. 2,117,536) for "freight transportation by truck, air and sea; and warehousing services"

- **SEKO WORLDWIDE & Design** (Reg. No. 2,930,113) for "freight transportation and logistical services by truck, air and sea and related warehousing services"

- **SEKO LOGISTICS – INTELLIGENCE DELIVERED** (Reg. No. 4,094,619) for "freight transportation and logistical services by truck, air and sea, and related warehousing services"

8. Each of the trademark registrations identified in Paragraph 7 above is valid and subsisting. Seko's Registration No. 1,470,985 for SEKO in standard characters – issued 25 years ago – is incontestable under U.S. law. It claims first use of the mark in 1962. Seko's Registration Nos. 2,117,536 and 3,125,393 are also incontestable.

9. Seko has also established common law rights in its SEKO and SEKO-formative marks as a result of its extensive use and promotion over many years. Individuals and companies throughout the United States and around the world have come to recognize these marks as identifying Seko and its offerings.

10. Notwithstanding Seko's longstanding trademark rights, SSC recently adopted the SECOR mark in connection with its own shipping, storage and logistics services. Upon information and belief, SSC offers services that are largely the same as those offered by Seko, and the parties are direct competitors.

11. SSC adopted the SECOR name and mark, as well as SECOR-formative names and marks such as SECOR GROUP, with actual and/or constructive knowledge of Seko's use of and rights in its SEKO names and marks.

12. On information and belief, SSC adopted the SECOR name and mark, as well as SECOR-formative names and marks such as SECOR GROUP, with an intent to confuse consumers and to trade off of Seko's hard-earned reputation and goodwill.

13. SSC's bad intent is confirmed by its adoption of the slogan "Assurance Delivered." This slogan immediately calls to mind Seko's slogan, "Intelligence Delivered." As noted above, Seko owns a federal registration for SEKO LOGISTICS – INTELLIGENCE DELIVERED, and it prominently displays its slogan on its website and other marketing materials.

14. SSC's misconduct alleged herein is felt most directly by Seko in Illinois, where Seko has its principal place of business.

## COUNT I
### (Trademark Infringement – 15 U.S.C. § 1114)

15. Seko re-alleges the allegations contained in Paragraphs 1 through 14, above, as if fully set forth herein.

16. SSC uses SECOR and SECOR-formative names and marks for services that are identical and/or closely related to Seko's services offered under SEKO and SEKO-formative names and marks. SSC's use of these marks is without Seko's license, authorization or consent.

17. SSC's unauthorized use of SECOR and SECOR-formative names and marks is likely to cause confusion, or to cause mistake or to deceive.

18. SSC's use of SECOR and SECOR-formative names and marks constitutes trademark infringement under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*.

19. The willful and intentional nature of SSC's trademark infringement makes this an exceptional case under 15 U.S.C. § 1117(a).

20. As a direct and proximate result of SSC's trademark infringement, Seko has suffered and is suffering irreparable injury. Seko will continue to suffer irreparable injury until the Court enters an appropriate injunction.

21. Also as a direct and proximate result of this willful trademark infringement, Seko has suffered and is suffering monetary damages in an amount to be determined at trial.

## COUNT II
### (False Designation of Origin – 15 U.S.C. § 1125(a))

22. Seko re-alleges the allegations contained in Paragraphs 1 through 21, above, as if fully set forth herein.

23. SSC's unauthorized use of SECOR and SECOR-formative names and marks is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of SSC with Seko, or as to the origin, sponsorship or approval of SSC's offerings.

24. SSC's unauthorized use of SECOR and SECOR-formative names and marks constitutes a false designation of origin under the federal Lanham Act.

25. The willful and intentional nature of SSC's false designation of origin makes this an exceptional case under 15 U.S.C. § 1117(a).

26. As a direct and proximate result of this willful false designation of origin, Seko has suffered and is suffering irreparable injury.  Seko will continue to suffer irreparable injury until the Court enters an appropriate injunction.

27. Also as a direct and proximate result of this willful false designation of origin, Seko has suffered and is suffering monetary damages in an amount to be determined at trial.

## COUNT III
### (Violations of Uniform Deceptive Trade Practices Act – 815 ILCS 510/1, *et seq.*)

28. Seko re-alleges the allegations contained in Paragraphs 1 through 27, above, as if fully set forth herein.

29. SSC's misconduct alleged herein constitutes several violations of the Uniform Deceptive Trade Practices Act, codified in Illinois at 815 ILCS 510, *et seq.*, including the following:

   a. Passing off goods or services as those of Seko (815 ILCS 510/2(1));

   b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services (815 ILCS 510/2(2));

   c. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by Seko (815 ILCS 510/2(3));

   d. Using deceptive representations in connection with goods or services (815 ILCS 510/2(4));

   e. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that SSC has a sponsorship, approval, status, affiliation or connection that it does not have (815 ILCS 510/2(5)); and

   f. Engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding (815 ILCS 510/2(12)).

30. SSC has engaged in the above-described deceptive trade practices willfully and in bad faith.

31. As a direct and proximate result of these deceptive trade practices, Seko has suffered and is suffering irreparable injury. Seko will continue to suffer irreparable injury until the Court enters an appropriate injunction.

## COUNT IV
### (Violations of Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/1, *et seq*.)

32.     Seko re-alleges the allegations contained in Paragraphs 1 through 31, above, as if fully set forth herein.

33.     SSC's misconduct alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

34.     SSC has engaged in such deceptive business practices willfully and in bad faith.

35.     As a direct and proximate result of these deceptive business practices, Seko has suffered and is suffering irreparable injury.  Seko will continue to suffer irreparable injury until the Court enters an appropriate injunction.

36.     Also as a direct and proximate result of these unfair business practices, Seko has suffered and is suffering monetary damages in an amount to be determined at trial.

## COUNT V
### (Violations of  District of Columbia Consumer Protection Procedures Act – D.C. Code § 28-3901, *et seq.*)

37.     Seko re-alleges the allegations contained in Paragraphs 1 through 36, above, as if fully set forth herein.

38.     SSC's misconduct alleged herein constitutes several violations of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, including the following:

   a. Representing that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have (D.C. Code § 28-3904(a));

    b.   Representing that SSC has a sponsorship, approval, status, affiliation, certification, or connection that SSC does not have (D.C. Code § 28-3904(b)); and

    c.   Passing off goods or services as those of Seko (D.C. Code § 28-3904(s)).

39.   SSC has engaged in the above-described misconduct willfully and in bad faith.

40.   As a direct and proximate result of this misconduct, Seko and the general public have suffered and are suffering irreparable injury.  Seko and the general public will continue to suffer irreparable injury until the Court enters an appropriate injunction.

41.   Also as a direct and proximate result of this misconduct, Seko and the general public have suffered and are suffering monetary damages in an amount to be determined at trial.

## COUNT VI
### (Common Law Unfair Competition)

42.   Seko re-alleges the allegations contained in Paragraphs 1 through 41, above, as if fully set forth herein.

43.   SSC's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois and the District of Columbia.

44.   As a direct and proximate result of this unfair competition, Seko has suffered and is suffering irreparable injury.  Seko will continue to suffer irreparable injury until the Court enters an appropriate injunction.

45.   Also as a direct and proximate result of this unfair competition, Seko has suffered and is suffering monetary damages in an amount to be determined at trial.

46.   SSC has engaged in unfair competition with fraud, malice and gross negligence, thus entitling Seko to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Seko prays for relief as follows:

1.      A judgment enjoining SSC and its officers, directors, employees, agents, representatives, successors and assigns, and all others in active concert or participation with them, from (a) using in any manner SECOR or any other name or mark that includes the letter-string SECOR, including but not limited to SECOR GROUP, THE SECOR GROUP and THE SECOR TRANSPORTATION GROUP; (b) using in any manner any other mark, name, domain name or other designation that is confusingly similar to Seko's SEKO and SEKO-formative marks; and (c) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Seko and SSC or between the parties' respective offerings.

2.      A judgment ordering SSC, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Seko within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which SSC has complied with the injunction and implemented adequate and effective means to discontinue offering goods or services under names and marks that are confusingly similar to Seko's names and marks.

3.      A judgment ordering SSC, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all items bearing SECOR, SECOR GROUP or any variation thereof.

4.      A judgment that SSC account for and disgorge to Seko all of the profits realized by SSC, or other persons or entities acting in concert or participating with SSC, resulting from SSC's acts of trademark infringement, false designation of origin, unfair competition, and other misconduct alleged herein.

5.      A judgment awarding compensatory damages, plus interest, in an amount to be determined;

      6.      A judgment awarding punitive damages in an amount to be determined;

      7.      A judgment awarding treble damages or $ 1,500 per violation of the District of Columbia Consumer Protection Procedures Act, pursuant to D.C. Code § 28-3905(k);

      8.      A judgment that Seko recover its reasonable attorneys' fees;

      9.      A judgment that Seko recover the costs of this action plus interest;

      10.      A judgment that Seko be granted such other and further relief as the Court deems just and proper.

      Respectfully submitted:

      /s/ Joseph D. Wilson
Joseph D. Wilson (D.C. Bar # 466652)
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
(202) 342-8400 (phone)
(202) 342-8451 (facsimile)
Email:  jwilson@kelleydrye.com

*Attorneys for Plaintiff Seko Worldwide, LLC*

Of Counsel:

Brett A. August, Esq.
Seth I. Appel, Esq.
Jasmine R. Davis, Esq.
PATTISHALL, McAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
 (312) 554-8000 (phone)
 (312) 554-8015 (fax)
Email:  baa@pattishall.com
       sia@pattishall.com
       jdavis@pattishall.com

Dated:  August 28, 2012